

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

October 24, 1957

Honorable James A. Turman,
Acting Executive Director,
Texas Youth Council,
213 West 14th Street,
Austin, Texas.

Opinion No. WW-285

Re: What is the legal authority
for the creation of Indepen-
dent School Districts at the
Gainesville State School,
the Gatesville State School
and the Colored Girls Train-
ing School at Crockett, Texas,
since Opinion No. WW-251 does
not define these schools as
Eleemosynary Institutions?
and related questions.

Dear Dr. Turman:

Your request for an opinion, dated October 8, 1957,
asks the following questions:

"1.  What is the legal authority for the creation of
independent school districts at the Gainesville State
School, the Gatesville State School and the Colored
Girls Training School at Crockett, Texas, since your
opinion No. W.W.-251 does not define these schools as
Eleemosynary Institutions?

"2.  What is the legal authority for the existence of
a Board of Trustees at above named schools?

"3.  Are the present Council Members legally author-
ized to serve as ex-officio school trustees for all
six independent school districts under their juris-
diction?

"4.  If the answers to the above questions are in the
affirmative, in what respect does Senate Bill 175,
enacted by the 55th Legislature, Regular Session,
(Art. 689a-17a, V.C.S.), apply to these independent
districts and to the Board of Trustees of said
districts?"

In answer to your first question, it is our opinion
that Article 2666 of Vernon's Civil Statutes is the authority
for the existence of independent school districts at each of
the foregoing institutions.  This Article reads as follows:

"The State Board is authorized to create new school districts at such of the several Eleemosynary Institutions of this State, including the State Orphan Home, or at any and all orphan homes or like institutions that may be established by any Fraternal organization, or at any Institution for dependent or delinquent children maintained by any County in this State; provided, that the number of children within the scholastic age in each instance be sufficient to justify such action. The territorial limits in each case shall be co-extensive with the property lines of the institution."

According to our information, each of these State Schools constituted independent school districts, pursuant to the provisions of Article 2666, long before the enactment of Section 2 of Article 3174a with which our Opinion WW-251 (1957) was concerned. Section 2 of Article 3174a reads as follows:

"Wherever the name 'Eleemosynary Institutions' or any reference thereto appears in the Legislative Statutes of Texas of 1925, or in any amendment thereto or in any Acts of any Legislature passed since adoption of said Revised Statutes, such name and such reference shall hereafter mean and apply to the 'Texas State Hospitals and Special Schools' in order to conform to the new name of said institutions as provided in Section 1 hereof."

Whatever effect the enactment of Article 3174a may have upon the meaning of "Eleemosynary Institutions" as used in Article 2666, it is our view that the former evidences no intention to draw into question the legal existence of independent school districts established under Article 2666 prior to the effective date of Article 3174a. We think it clear that prior to the enactment of Article 3174a, which has the effect of giving the term "Eleemosynary Institutions" a restrictive meaning, the term was sufficiently broad in its connotation to include each of the three schools named by your request.

Your second and third questions are answered by Article 2667 of Vernon's Civil Statutes, which reads as follows:

"Upon the exercise of such power, the State Superintendent shall appoint a board of three trustees for each district so created; and such trustees need not be residents of such district,

and the fact shall be duly certified to local
authorities for information and observance;
and upon the creation of such districts the
trustees shall take an certify the census of
the children within the scholastic age, and
the funds shall thereafter be apportioned
directly to such district; and the law per-
taining to independent districts shall govern
so far as applicable, though the State Board
may make special regulations and orders for the
government of such districts as they may deem
expedient, provided that the State Board of
Control shall be ex-officio school trustees
of all such districts created at State supported
institutions and all such districts whose terri-
tory is limited to lands allotted to Indians."

The foregoing Article provides for a board of trustees
and further provides that the State Board of Control shall be
ex-officio school trustees of all such districts created at
State supported institutions. We will not recount the statutory
process through which the Texas Youth Council has assumed control
of the three schools listed by your request, but we think it
clear that the transfer of control of these schools to the Youth
Council serves to make the members of said Council ex-officio
trustees of the subject school districts.

Your fourth and final question concerns the applica-
bility of Senate Bill No. 175, Acts 55th Legislature, Regular
Session, Chapter 413, to independent school districts created
at State supported institutions. Senate Bill 175 prescribes
certain budgetary and accounting procedures to be established
and followed in each independent school district.

Among other things, said Bill provides for the filing
of the school budget with the County Clerk of the county where
the school district is located. It also provides for a public
hearing on the proposed budget at which "any taxpayer of the
district" may appear. In this connection it is noted that the
boundaries of an independent school district created at a State
institution are only co-extensive with the property lines of
said institution. It is further noted that the accounting and
budgeting procedures at each of said institutions are under the
supervision of the State Auditor. Such institutions do not levy
taxes for school purposes or have purely local funds at their
disposal to expend for school purposes as do other independent
school districts.

In view of the foregoing, we do not believe that the
provisions of Senate Bill No. 175 are applicable to independent

Honorable James A. Turman, Page 4 (WW-285).


school districts created at State Institutions.

## SUMMARY

Article 2666 of Vernon's Civil Statutes is the legal authority for the creation of independent school districts at the Gainesvill State School, the Gatesville State School and the Colored Girls Training School at Crockett, Texas.

Article 2667 of Vernon's Civil Statutes is the legal authority for the board of trustees at the above named schools.

The present members of the Texas Youth Council are ex-officio trustees of all six independent school districts under their jurisdiction.

The provisions of Senate Bill 175, Acts 55th Legislature, Regular Session, Chapter 413, do not apply to independent school districts established at State supported institutions.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Leonard Passmore

Leonard Passmore
Assistant

LP:jl:pf

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Fred Werkenthin
Richard B. Stone
W. V. Geppert
J. Milton Richardson
C. K. Richards
Wayland C. Rivers, Jr.
Mrs. Marietta Payne